## ROSCOE ARBUCKLE V. THE STATE.

No. 16955. Delivered October 17, 1934.
Reported in 75 S. W. (2d) 266.

The opinion states the case.

*Walter Friberg,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced upon the trial, briefly stated, discloses the following facts: on or about the 18th day of December, A. D., 1933, there was taken from a granary situated in Wichita County, Texas, in the possession and under the control of George Tiner, approximately 190 bushels of oats. The following morning the appellant and Armon Brown were arrested in the city of Fort Worth, Tarrant County, Texas, and charged with theft. The testimony discloses that upon reaching Fort Worth the appellant undertook to sell the oats to Mr. Ross who, at the time, was a dealer in mules in North Fort Worth. During the time that the appellant was endeavoring to consummate the sale, Armon Brown remained in his truck in which the oats were hauled to Fort Worth. Mr. Ross agreed to purchase the oats at 42 cents a bushel provided the appellant would deliver the oats out to his farm, which was approximately two or three miles from the city, which the appellant agreed to do, and thereupon Mr. Ross instructed him to have the oats weighed at Saginaw. The appellant then entered his car and drove to Saginaw, drove up to a cotton gin, and asked the owner of the gin if he could weigh some oats for him, and when told that he could he turned around and went back toward the city. When appellant and the witness Brown met, the officers accosted them and asked appellant what his name was, to which he replied, "Bristow." Armon Brown testified that he lived at Wichita Falls, Texas; that some two days prior to the time that he and the appellant took the oats from the granary the appellant appeared at his home and asked him if he could haul some oats for him, to which the witness answered that he could but his truck was not in condition at the time; that it needed some repairs; that the appellant took the witness Brown some four miles out from Wichita Falls to a little red barn or granary and showed him where the oats were stored; that on Sunday night after he, Brown, had retired, the appel-

lant appeared at his home and requested him, Brown, to haul the oats for him to Fort Worth for which appellant agreed to pay the witness Brown the sum of $15.00; that he, Brown, dressed and he and appellant drove to the red granary, situated in a field some four miles distant from Wichita Falls, where they loaded the oats into the truck and then started to Fort Worth, the appellant driving his car and the witness Brown driving the truck with the oats in it. Brown contended that he did not know that the oats did not belong to the appellant at the time he agreed to haul them and at the time he loaded them and hauled them to Fort Worth. The witness, Brown, while testifying, was asked if he was not arrested and placed in jail, charged with the same offense as appellant, to which he replied that he did not know but that he was placed in jail and charged with something but he didn't know what it was.

The court instructed the jury on the law of principals, and further instructed them that "if they believed from the evidence that the witness Armon Brown was an accomplice, as that term is defined in the preceding paragraph, then they could not convict the defendant on the testimony of said accomplice unless they believed first that his testimony was true and that it showed the defendant to be guilty of the offense charged in the indictment, and unless they further found and believed that there is other testimony in the case corroborative of the testimony of said Armon Brown tending to connect the defendant with the commission of the offense charged, and then they must believe from all the facts and circumstances in evidence beyond a reasonable doubt that the defendant is guilty as charged in the first count of the indictment," etc. The appellant objected to the court's charge because the court did not instruct the jury that the witness Brown was an accomplice as a matter of law, and further objected to the charge because the court in his charge submitted to the jury for their determination the question of whether the witness, Brown, was an accomplice. From the testimony before us as disclosed by the record, we have reached the conclusion that the court's charge was not subject to the objections urged against it. It is true that the witness Brown, upon whose testimony the State relied for a conviction, at the time of the arrest was found in possession of the stolen oats. He loaded and hauled the oats at night from near Wichita Falls to Fort Worth, but he testified that he was hauling the oats for the appellant for which service appellant agreed to pay him $15.00; that at the time he loaded the oats and hauled the same he did not know that the

oats did not belong to the appellant. If the witness Brown did not know at the time he loaded and hauled the oats to Fort Worth that they did not belong to appellant, then under such circumstances he would be an innocent agent and the criminal and fraudulent intent necessary to constitute him a thief was absent and he would not be an accomplice. Hence, it will be observed that the question of whether the witness Brown knew that the oats did or did not belong to appellant was an issue to be determined by the jury, which made it incumbent upon the court to submit said issue to the jury. We therefore overrule the appellant's contention, and in support of our views we refer to the following authorities: Brown v. State, 58 Tex. Crim. Rep., 336; Foster v. State, 150 S. W., 937; Trent et al. v. State, 31 Tex. Crim. Rep., 251. The other objections to the court's charge seem to be without merit.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.